ANDREWS, ROBERT LANCE, Associate Judge,
concurs specially.
I, once again, feel compelled to voice what I perceive to be an abbreviated chronology of the facts in this appeal.
From the very outset of the investigation into these particular murders, the individual law enforcement officers, and as a group, acted with a high degree of professionalism in their approach to the solving of this crime.
At each encounter with Appellees, Cleo and Jon LeCroy, including Cleo’s oral or informal statement to Officer Browning, the rights of Appellees were methodically protected. After obtaining Cleo’s oral or informal statement, all the facts of the case were known, the terrible truth had been exposed. There was nothing else to discover, no admissions, no intangible or tangible evidence. The only thing left to do in the investigation was the physical act of going to Miami to reduce to official possession the murder weapons Cleo had told Officer Browning could be found there.
This mechanical act of traveling to Miami was accomplished in two automobiles, one containing Jon LeCroy, the other containing Cleo LeCroy, both accompanied by Palm Beach Law Enforcement Officers.
The act of Officer Browning in obtaining State’s Exhibit (3) was an after thought or as this writer has described it — a ritualistic formality. There was not a single iota of evidence flowing from the reduction to tape of Cleo LeCroy’s prior valid oral confession. It was no more nor less than the attempted preservation of Cleo’s voluntary and knowing prior oral statements freely given after proper advisement of his Constitutional Rights.
If there is to be any prophylactic effect in this case, it is as I have stated in my dissent, to prevent the use of the tape (State’s Exhibit 3) at trial — but, nothing else is required — not the suppression of legally obtained evidence in order to inculcate upon *1184 those charged with the enforcement of the law, the error of using the improper language, as used in Knowles v. State, 407 So.2d 259 (Fla. 4th DCA 1981) and here; it would be too great a price for society to pay.
I concur in the denial of the Motion for Rehearing, not because I feel that it is without merit, but because I am confident that the Supreme Court will accept certification and place the vehicle of justice back on its proper path, so that its ultimate destination may be reached.
Should my confidence in the Supreme Court be dampened, by the refusal to accept this certified question; I would Grant the Appellant’s Motion for Rehearing.